COLIN G. MEEKER (Ohio Bar No. 0092980)
BLAISE R. MEEKER (Ohio Bar No. 0093050)
BLAKEMORE, MEEKER & BOWLER CO., L.P.A.
495 Portage Lakes Dr.
Akron, Ohio 44319
Telephone:	(330) 253-3337
Facsimile:	(330) 253-4131
cgm@bmblaw.com
blaise@bmblaw.com

Counsel for Plaintiff Derek Mortland

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION, COLUMBUS

| | |
|---|---|
| DEREK MORTLAND,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>THE OHIO STATE UNIVERSITY,<br>a Political Subdivision of the State of Ohio,<br><br>　　　　Defendants. | CASE NO.:<br><br>JUDGE:<br><br>**COMPLAINT FOR INJUCTIVE RELIEF AND DAMAGES:**<br><br>**1ST CAUSE OF ACTION:** For Denial of Access in Violation of the Americans with Disability Act ("title II" and "ADA"), 42. U.S.C. §§ 12131 *et seq*, and its implementing regulation, 28 C.F.R. Part 35.<br><br>**2ND CAUSE OF ACTION:** For Denial of Access in Violation of § 504 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 701, *et seq*.<br><br>**3rd CAUSE OF ACTION**: Negligence resulting in Personal Physical Injury<br><br>**DEMAND FOR JURY** |

　　　Plaintiff DEREK MORTLAND Complains of Defendant THE OHIO STATE UNIVERSITY, and alleges as follows:

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 1

**JURISDICTION**

1. This is an action for declaratory, injunctive, and compensatory relief pursuant to Title II of the Americans with Disabilities Act, 42 U.S.C. §§ 12131, et seq. ("ADA"), and its implementing regulation, 28 C.F.R. Part 35, as well as § 504 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 701, et seq. ("Rehabilitation Act").

2. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1343.

3. This action is within the jurisdiction of the Court:

    a. THE OHIO STATE UNIVERSITY is organized in the State of Ohio; its registered agent is located in Columbus, Ohio; and it is the owner, lessor, tenant and/or operator of the real property that is the subject of this cause of action in Columbus, Ohio. THE OHIO STATE UNIVERSITY employs 50 or more individuals.

    b. Plaintiff DEREK MORTLAND is a resident of Columbus, Ohio, and is sui juris. As a result of a motorcycle accident, MORTLAND suffers from paraplegia; he must use a wheelchair as he is paralyzed from the waist down. Under the ADA, MORTLAND is a qualified individual with disabilities due to his being substantially limited in the life activity of walking.

4. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b):

    a. The events giving rise to this claim occurred in this Judicial District;

    b. The real property which is the subject of this action may be found in this Judicial District.

**BACKGROUND**

5. A qualified individual with a disability shall not be excluded from participation in or be

denied the benefits, services, programs, or activities of a public entity, and no qualified individual with a disability shall face discrimination by any public entity on account of its facilities being inaccessible or unusable by such person. 28 C.F.R. 35.149.

6. Upon information and belief, THE OHIO STATE UNIVERSITY is a public entity, being owned or operated by the State of Ohio.

7. Upon information and belief, THE OHIO STATE UNIVERSITY is a recipient of federal funds.

8. MORTLAND resides in proximity to the Facility in question, The Ohio State University Wexner Medical Center East Hospital, located at 181 Taylor Avenue in Columbus, Ohio, and intends to return as a patient. During MORTLAND'S numerous visits to the Facility, on dates including February 27, 2019, March 13, 2019, March 20, 2019, April 17, 2019, May 1, 2019, May 15, 2019, May 29, 2019, and June 12, 2019, MORTLAND encountered numerous barriers to access. During these visits, MORTLAND personally encountered numerous serious architectural barriers to access in violation of the ADA and Rehabilitation Act, including, but not limited to the following:

   a. There are not enough accessible parking stalls in the Southeast Parking Lot in violation of 2010 ADAS Section: 208.2.1, 1991 ADAS Section: 4.1.2(5)(d) and 1984 UFAS Section: 4.1.1

   b. The building entrance is not located on an accessible route in violation of 2010 ADAS Section: 206.2.1, 1991 ADAS Section: 4.1.2(1) and 1984 UFAS Section: 4.1.1.

   c. The access aisle is missing at the accessible parking stall in violation of 2010 ADAS Section: 502.2, 1991 ADAS Section: 4.1.2(1) and 1984 UFAS Section: 4.6.3

   d. In the Accessible Parking Lot, the required parking signage is missing in violation of 2010 ADAS Section: 502.6.

   e. In the Accessible Parking Lot, the running slope (long dimension) of the accessible parking stall exceeds 2% in violation of 2010 ADAS Section: 502.4, 1991 ADAS Section: 4.6.3 and 1984 UFAS Section: 4.6.3.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 3

f. From the Accessible Parking lot, the building entrance is not located on an accessible route in violation of 2010 ADAS Section: 206.2.1, 1991 ADAS Section: 4.1.2(1) and 1984 UFAS Section: 4.1.1.

g. In the Accessible Parking Lot, the van stall is missing a sign identifying it as a van accessible stall in violation of 2010 ADAS Section: 502.6 and 1991 ADAS Section: 4.6.4.

h. In the Accessible Parking Lot, the required parking signage is missing in violation of 2010 ADAS Section: 502.6.

i. In the Accessible Parking Lot, the running slope (long dimension) of the accessible parking stall exceeds 2%.in violation of 2010 ADAS Section: 502.4, 1991 ADAS Section: 4.6.3 and 1984 UFAS Section: 4.6.3.

j. At the Exterior Accessible Route, the surface of the curb ramp is not firm, stable and/or slip-resistant in violation of 2010 ADAS Section: 302.1, 1991 ADAS Section: 4.5.1 and 1984 UFAS Section: 4.5.1.

k. At the Exterior Accessible Route, The walkway contains abrupt vertical edges and/or variations over a 1/4 inch in violation of 2010 ADAS Section: 303.3, 303.2, 1991 ADAS Section: 4.5.2 and 1984 UFAS Section: 4.5.2.

l. At the Exterior Accessible Route, the curb ramp slope exceeds the maximum running slope (Parallel to the direction of travel) allowable of 8.33% in violation of 2010 ADAS Section: 406.1, 1991 ADAS Section: 4.8.2 and 1984 UFAS Section: 4.8.2.

m. At the Exterior Accessible Route, the curb ramp side flares are too steep in violation of 2010 ADAS Section: 406.1, 1991 ADAS Section: 4.7.5 and 1984 UFAS Section: 4.7.5.

n. In the Accessible Parking Lot, the change in the level where the gutter meets the curb ramp is greater than 1/4 inch in violation of 2010 ADAS Section: 303.3, 1991 ADAS Section: 4.5.2 and 1984 UFAS Section: 4.5.2.

o. At the building entrance, the doormat is not secured in place at the entry door in violation of 2010 ADAS Section: 302.2, 1991 ADAS Section: 4.5.3 and 1984 UFAS Section: 4.5.3.

p. The transaction counter is too high at the main lobby reception area in violation of 2010 ADAS Section: 904.4.2, 904.4.1, 1991 ADAS Section: 7.2(1) and 1984 UFAS Section: 7.2

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 4

q. The transaction counter is too high in the main lobby registration area in violation of 2010 ADAS Section: 904.4.2, 904.4.1, 1991 ADAS Section: 7.2(1), 1984 UFAS Section: 7.2.

r. At the registration counter, the doormat is not secured in place at the entry door in violation of 2010 ADAS Section: 302.2, 1991 ADAS Section: 4.5.3 and 1984 UFAS Section: 4.5.3.

s. There is not enough knee clearance under the drinking fountain in the registration area in violation of 2010 ADAS Section: 602.2, 1991 ADAS Section: 4.15.5 and1984 UFAS Section: 4.15.5.

t. At the registration area, the spout for the drinking fountain is too high in violation of 2010 ADAS Section: 602.4, 1991 ADAS Section: 4.15.2 and 1984 UFAS Section: 4.15.2.

u. At the registration area, the magazine rack in the registration area is not accessible because there is not adequate clear floor space for an approach in violation of 2010 ADAS Section: 305.3, 1991 ADAS Section: 4.2.4.1 and 1984 UFAS Section: 4.2.4.1.

v. In the registration area, the courtesy charging station is not accessible because there is not adequate clear floor space for an approach in violation of 2010 ADAS Section: 305.3, 1991 ADAS Section: 4.2.4.1 and 1984 UFAS Section: 4.2.4.1.

w. In the registration area, the courtesy charging station is not accessible because there is not adequate clear floor space for an approach in violation of 2010 ADAS Section: 305.3, 1991 ADAS Section: 4.2.4.1, 1984 UFAS Section: 4.2.4.1.

x. At a vertical access point, the handrail gripping diameter is noncompliant in violation of 2010 ADAS Section: 505.7.

y. On Wound Care floor 9, the transaction counter is too high in violation of 2010 ADAS Section: 904.4.2, 904.4.1, 1991 ADAS Section: 7.2(1) and 1984 UFAS Section: 7.2.

z. On Wound Care floor 9, the fire alarm is not accessible because there is not adequate clear floor space for an approach in violation of 2010 ADAS Section: 305.3, 1991 ADAS Section: 4.2.4.1 and 1984 UFAS Section: 4.2.4.1.

aa. On Wound Care floor 9, the clear floor space only allows for a forward approach and the fire alarm is out of reach range in violation of 2010 ADAS Section: 308.2.2, 1991 ADAS Section: 4.2.5 and 1984 UFAS Section: 4.2.5

bb. On Wound Care floor 9, at the fire exit, the door/gate operating hardware is not accessible in violation of 2010 ADAS Section: 404.2.7, 1991 ADAS Section: 4.13.9 and 1984 UFAS Section: 4.13.9.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 5

cc. On Wound Care floor 9, the comment box is not accessible because there is not adequate clear floor space for an approach in violation of 2010 ADAS Section: 305.3, 1991 ADAS Section: 4.2.4.1 and 1984 UFAS Section: 4.2.4.1

dd. On Wound Care floor 9, the clear floor space only allows for a forward approach and the comment box is out of reach range in violation of 2010 ADAS Section: 308.2.2, 1991 ADAS Section: 4.2.5 and 1984 UFAS Section: 4.2.5.

ee. On Wound Care floor 9, in the restroom, the toilet seat cover dispenser is mounted too high and is not located in an accessible location in violation of 2010 ADAS Section: 205.1.

ff. On Wound Care floor 9, in the restroom, the required 56 inches by 60 inches clear floor space for the water closet has been obstructed by the trash can in violation of 2010 ADAS Section: 604.3.1, 1991 ADAS Section: 4.16.2 and 1984 UFAS Section: 4.16.2

gg. On Wound Care floor 9, in the restroom, the water and drain pipes under the lavatory are not adequately insulated in violation of 2010 ADAS Section: 606.5, 1991 ADAS Section: 4.19.4 and 1984 UFAS Section: 4.19.4.

hh. On Wound Care floor 9, in the restroom, the maneuvering space on the pull side of the door does not adequately extend beyond the latch side of the door in violation of 2010 ADAS Section: 404.2.4.1, 1991 ADAS Section: 4.13.6 and 1984 UFAS Section: 4.13.6.

ii. On Wound Care floor 9, in the restroom, the light switch is too high and is out of the maximum reach range for a side approach in violation of 2010 ADAS Section: 308.3.1.

jj. On Wound Care floor 9, the restroom is not nearly compliant in violation of 2010 ADAS Section: 213.2, 1991 ADAS Section: 4.1.2(6) and 1984 UFAS Section: 4.17.1.

kk. On the 1st Floor Public Area, in the restroom, the toilet seat cover dispenser is mounted too high and are not located in an accessible location in violation of 2010 ADAS Section: 205.1.

ll. On the 1st Floor Public Area, in the restroom, the toilet paper is not installed within the compliant range in violation of 2010 ADAS Section: 604.7.

mm. On the 1st Floor Public Area, in the restroom, the toilet is not located within the range allowed from the sidewall or partition in violation of 2010 ADAS Section: 604.2.

nn. On the 1st Floor Public Area, in the restroom, the required 56 inches by 60 inches clear floor space for the water closet has been obstructed by the trash can in violation of 2010 ADAS Section: 604.3.1, 1991 ADAS Section: 4.16.2 and 1984 UFAS Section: 4.16.2.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 6

oo. On the 1st Floor Public Area, in the restroom, the coat hooks are not accessible because there is not adequate clear floor space for an approach in violation of 2010 ADAS Section: 305.3, 1991 ADAS Section: 4.2.4.1 and 1984 UFAS Section: 4.2.4.

pp. On the 1st Floor Public Area, in the restroom, the coat hook is installed greater than 48 inches above the finished floor in violation of 2010 ADAS Section: 308.2.1, 1991 ADAS Section: 4.2.5 and 1984 UFAS Section: 4.2.5.

qq. On the 1st Floor Public Area, In the restroom, the baby changing table operating mechanism is outside reach-range in violation of 2010 ADAS Section: 308.3.1.

rr. On the 1st Floor Public Area, the fire extinguisher is too high and is out of the maximum reach range for a side approach in violation of 2010 ADAS Section: 308.3.1.

ss. On the 1st Floor Public Area, the fire extinguisher box is not accessible because it requires tight grasping, pinching or twisting of the wrist in violation of 2010 ADAS Section: 309.4, 1991 ADAS Section: 4.27.4 and 1984 UFAS Section: 4.27.4.

tt. On the 1st Floor Public Area, the fire alarm is too high and is out of the maximum reach range for a side approach in violation of 2010 ADAS Section: 308.3.1.

uu. On the 1st Floor Public Area, the restrooms are not nearly compliant in violation 2010 ADAS Section: 213.2, 1991 ADAS Section: 4.1.2(6) and 1984 UFAS Section: 4.17.1.

vv. On the 1st Floor Public Area, the fire extinguisher is too high and is out of the maximum reach range for a side approach in violation of 2010 ADAS Section: 308.3.1.

ww. On the 1st Floor Public Area, the fire extinguisher box is not accessible because it requires tight grasping, pinching or twisting of the wrist in violation of 2010 ADAS Section: 309.4, 1991 ADAS Section: 4.27.4 and 1984 UFAS Section: 4.27.4.

xx. On the 1st Floor Public Area, the fire alarm is too high and is out of the maximum reach range for a side approach in violation of 2010 ADAS Section: 308.3.1.

yy. In the gift shop, the majority of the merchandise is not accessible because there is not adequate clear floor space for an approach in violation of 2010 ADAS Section: 305.3, 1991 ADAS Section: 4.2.4.1 and 1984 UFAS Section: 4.2.4.1.

zz. On the Radiology 2nd Floor, there is not enough knee clearance under the drinking fountain in violation of 2010 ADAS Section: 602.2, 1991 ADAS Section: 4.15.5 and 1984 UFAS Section: 4.15.5.

aaa. On the Radiology 2nd Floor, the spout for the drinking fountain is too high in violation of 2010 ADAS Section: 602.4, 1991 ADAS Section: 4.15.2 and 1984 UFAS Section: 4.15.2

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 7

bbb. On the Radiology 2nd Floor, the toilet seat cover dispenser is mounted too high and are not located in an accessible location in violation of 2010 ADAS Section: 205.1.

ccc. On the Radiology 2nd Floor, the toilet paper is not installed within the compliant range in front of the toilet in violation of 2010 ADAS Section: 604.7.

ddd. On the Radiology 2nd Floor, the coat hook is installed greater than 48 inches above the finished floor in violation of 2010 ADAS Section: 308.2.1, 1991 ADAS Section: 4.2.5 and 1984 UFAS Section: 4.2.5.

eee. On the Radiology 2nd Floor, the toilet is not located within the range allowed from the sidewall or partition in violation of 2010 ADAS Section: 604.2.

fff. On the Radiology 2nd Floor, the fire extinguisher is too high and is out of the maximum reach range for a side approach in violation of 2010 ADAS Section: 308.3.1.

ggg. On the Radiology 2nd Floor, the fire extinguisher box is not accessible because it requires tight grasping, pinching or twisting of the wrist in violation of 2010 ADAS Section: 309.4, 1991 ADAS Section: 4.27.4 and 1984 UFAS Section: 4.27.4.

hhh. On the Radiology 2nd Floor, the fire alarm is too high and is out of the maximum reach range for a side approach in violation of 2010 ADAS Section: 308.3.1.

iii. In the cafeteria, there are no accessible tables in violation of 2010 ADAS Section: 226.1 and 1991 ADAS Section: 5.1.

jjj. In the cafeteria, there are no outdoor accessible tables in violation in violation of 2010 ADAS Section: 226.1 and 1991 ADAS Section: 5.1.

kkk. In the cafeteria, the route of travel at a specific location does not provide a minimum width of 36 inches in violation of 2010 ADAS Section: 403.5.1, 1991 ADAS Section: 4.3.3 and 1984 UFAS Section: 4.2.1.

lll. In the cafeteria, the tables are not accessible because there is not adequate clear floor space for either a forward or side approach in violation of 2010 ADAS Section: 305.3, 1991 ADAS Section: 4.2.4.1 and 1984 UFAS Section: 4.2.4.1.

mmm. In the cafeteria, the vending machines are too high and out of the maximum reach range for a side approach in violation of 2010 ADAS Section: 308.3.1.

nnn. In the cafeteria, the salad bar condiments are not accessible because they are located over an obstruction greater than 34 inches tall and above 48" max reach range in violation of 2010 ADAS Section: 308.3.2, 1991 ADAS Section: 4.2.6 and 1984 UFAS Section: 4.2.6.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 8

ooo. In the cafeteria, the snack items are not accessible because they are located over an obstruction greater than 34 inches tall and above 48" max reach range in violation of 2010 ADAS Section: 308.3.2, 1991 ADAS Section: 4.2.6 and 1984 UFAS Section: 4.2.6.

ppp. In the cafeteria, the coffee cups are not accessible because they are located over an obstruction greater than 34 inches tall and above 48" max reach range in violation of 2010 ADAS Section: 308.3.2, 1991 ADAS Section: 4.2.6 and 1984 UFAS Section: 4.2.6.

qqq. In the cafeteria, the restrooms are not nearly compliant in violation of 2010 ADAS Section: 213.2, 1991 ADAS Section: 4.1.2(6) and 1984 UFAS Section: 4.17.1.

rrr. In the cafeteria restrooms, the door opening does not provide at least 32 inches between the face of the door and the opposite stop in violation of 2010 ADAS Section: 404.2.3, 1991 ADAS Section: 4.13.5 and 1984 UFAS Section: 4.13.5.

sss. In the cafeteria restroom, a compliant room identification sign is missing on the strike side of the doorstop in violation of 2010 ADAS Section: 216.2 and 1991 ADAS Section: 4.30.6.

ttt. In the cafeteria restroom, the door recessed greater than 8 inches deep with non-compliant latch side clearance in violation of 2010 ADAS Section: 404.2.4.3.

uuu. In the cafeteria restroom, the maneuvering clearance on the pull side of the door is not long enough in the direction of travel.2010 ADAS Section: 404.2.4.1, 1991 ADAS Section: 4.13.6 and 1984 UFAS Section: 4.13.6.

9. The ADA violations which MORTLAND encountered make wheelchair use dangerous, and difficult – or impossible - for MORTLAND and other qualified individuals with disabilities to travel safely to and from the Facilities, and to utilize the services within the Facilities. Inaccessibility is taxing on MORTLAND's body since negotiating inaccessible areas requires much twisting of the spine, and overuse of shoulders and wrists, and these various barriers to access dishearten and frustrate him. Travel in inaccessible areas also causes unnecessary wear and tear on MORTLAND's wheelchair.

10. Mortland has chronic medical issues and regularly visits the Wexner Medical Center. MORTLAND has the intent to return, when medical issues arise, to the Facility as needed for various medical appointments.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 9

11. On information and belief, the violations addressed in this complaint have not been resolved. Continuing violations and notice thereof demonstrate a discriminatory intent on the part of the Defendants.

## COUNT I - VIOLATION OF THE ADA

12. Paragraphs 1 - 11 are realleged and incorporated as if fully set forth herein.

13. THE OHIO STATE UNIVERSITY has discriminated and continues to discriminate against MORTLAND and other qualified individuals with disabilities by excluding them from participating in or denying them the benefits, services, programs or activities of the public entity, due to Defendant's failure to remove architectural barriers, which is required by Title II of the ADA. The Facilities are inaccessible to disabled persons and violations of the ADA exist too numerous to list here. On information and belief, the Defendants have violated other miscellaneous and important technical requirements of the ADA and regulations promulgated pursuant thereto.

14. Plaintiff requires the inspection of the entire Facility in order to photograph and measure all of the discriminatory acts violating the Americans with Disability Act, all of which he personally encountered, as well as those which he did not personally encounter but which specifically affect one with his disability.

15. On information and belief, the barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to comply with the ADA.

16. This Court has the authority to grant MORTLAND's request for injunctive relief under the ADA, including an order to alter the Facilities to make them readily accessible to and usable by disabled persons, to modify a policy, to require inspection of the Facilities, and to close any part of the Facilities until the requisite modifications are completed. 28 C.F.R. 36.501.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 10

17. The Plaintiff's counsel is entitled to recover those attorneys' fees, experts' fees, costs and expenses incurred for this cause of action from the Defendant. 42 U.S.C. § 12205.

18. Compensatory damages and other relief are also available to MORTLAND. 42 U.S.C. § 12133.

19. WHEREFORE, Plaintiff DEREK MORTLAND demands judgment against the Defendant and requests that the Court enter an Order:

    a. Declaring that the property owned and administered by the Defendant and the policies, procedures and services provided by the Defendant are discriminatory and violate the ADA;

    b. Requiring the Defendant to alter the Facility and remove all barriers to equal participation in the Facility's benefits, services, programs or activities; and to make them accessible to and usable by individuals with disabilities to the full extent required by Title II of the ADA;

    c. Directing the Defendant to evaluate and neutralize its policies, practices, and procedures toward persons with disabilities, for such reasonable time to allow the Defendant to undertake and complete corrective procedures;

    d. Mandating that the Defendant undertake the required self-evaluation and create a Transition Plan that shall be available to the public and indicate the official responsible for the implementation of such a plan. At a minimum, the Transition Plan will identify obstacles in the Facilities that limit accessibility of its programs or activities; describe methods to be used to make the Facilities accessible; and provide a schedule for achieving compliance with the Transition Plan and with the ADA;

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 11

e. Mandating the Defendant to expeditiously make all reasonable and appropriate modifications in their policies, practices and procedures, provide effective signage, remove all architectural and communication barriers that are readily achievable, and for barriers that are not readily achievable, that alternative means of access be provided; and to take all such steps as are reasonable and necessary to ensure that persons with disabilities are no longer excluded, denied services, segregated, discriminated, or otherwise treated differently or without accommodations;

f. Awarding reasonable attorneys' fees, costs (including expert's fees) and other expenses of suit to the Plaintiff; and

g. Awarding compensatory damages and such other relief that the Court deems proper to the Plaintiff.

**COUNT II - VIOLATION OF THE REHABILITATION ACT**

20. Paragraphs 1 - 19 are realleged and incorporated as if fully set forth herein.

21. Upon information and belief, Defendant THE OHIO STATE UNIVERSITY receives federal monies, which makes it subject to § 504 of the Rehabilitation Act.

22. THE OHIO STATE UNIVERSITY have denied and continues to deny MORTLAND – and others who have qualifying disabilities - equal access to the benefits of participation in its services, programs and activities, by not providing the disabled with the same meaningful choices regarding self-sufficiency. Upon information and belief, the Defendant has violated the Rehabilitation Act through failing to remediate certain barriers to access.

23. MORTLAND has been damaged by the Defendant's refusal to remove barriers to equal access and enjoyment by disabled persons, which has the purpose and effect of discriminating

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 12

against MORTLAND and other similarly situated persons solely because of their disabilities.

24. This Court has the authority to grant MORTLAND's request for injunctive relief under the Rehabilitation Act, including an order to alter the Facilities to make them readily accessible to and usable by disabled persons, to modify a policy, to require inspection of the Facilities, and to close any part of the Facilities until the requisite modifications are completed. 28 C.F.R. 36.501.

25. MORTLAND's counsel is entitled to recover those attorneys' fees, experts' fees, costs and expenses incurred for this cause of action from OSU. 42 U.S.C. § 12205.

26. Compensatory damages and other relief are available to MORTLAND. 29 U.S.C. § 794a(a)(2).

27. WHEREFORE, Plaintiff DEREK MORTLAND demands judgment against the Defendant and requests that the Court enter an Order:

    h. Declaring that the property owned and administered by the Defendant and the policies, procedures and services provided by the Defendant are discriminatory and violate the Rehabilitation Act;

    i. Requiring the Defendant to alter the Facility and remove all barriers to equal participation in the Facility's benefits, services, programs or activities; and to make them accessible to and usable by individuals with disabilities to the full extent required by the Rehabilitation Act;

    j. Directing the Defendant to evaluate and neutralize its policies, practices, and procedures toward persons with disabilities, for such reasonable time to allow the Defendants to undertake and complete corrective procedures;

    k. Mandating the Defendant to expeditiously make all reasonable and appropriate

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 13

modifications in their policies, practices and procedures, provide effective signage, remove all architectural and communication barriers that are not readily achievable, that alternative means be provided; and to take all such steps as are reasonable and necessary to ensure that persons with disabilities are no longer excluded, denied services, segregated, discriminated, or otherwise treated differently or without accommodations;

l. Awarding reasonable attorneys' fees, costs (including expert's fees) and other expenses of suit to MORTLAND; and

m. Awarding compensatory damages and such other relief that the Court deems proper to MORTLAND.

## COUNT III – NEGLIGENCE

28. Paragraphs 1-27 are realleged and incorporated as if fully set forth herein.

29. At all times relevant hereto, Defendant, by and through its agents, servants and/or employees, negligently constructed, maintained, and/or repaired the amenities described in paragraph 8 in such a way so as to make it dangerous for a disabled person using a wheelchair to utilize the Facility.

30. Defendant, pursuant to the Americans with Disability Act, the Rehabilitation Act, and under Ohio law, has a duty to construct, maintain, and/or repair its Facility so as to accommodate the disabled.

31. By not complying with the Americans with Disability Act, the Rehabilitation Act, and Ohio law, Defendant failed to fulfill its legal obligations, including without limitation, its obligations to MORTLAND, who suffered personal physical injury as a result of Defendant's actions.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 14

32. MORTLAND'S personal physical injuries, which were proximately caused by Defendant's negligence include aggravation of the following: tendinosis of the infraspinatus tendon with bursal sided fraying and an articular sided partial tear at the footplate; tendinosis of the supraspinatus tendon with a delaminating partial tear extending from the footplate to the posterior middle fibers; bursal sided fraying; minimal edema and atrophy within the teres minor muscle; tear of the intracapsular biceps tendon; tears of the superior, anterior and posterior labrum; posttraumatic changes of the AC joint and coracoclavicular ligament; and fluid in the subacromial subdeltoid bursa.

33. As a result of Defendant's negligence, MORTLAND has suffered damages by way of personal physical injury, emotional distress, and humiliation.

34. MORTLAND has incurred, and will continue to incur, expenses for medical attention and treatment.

35. Defendant's acts and/or omissions were done with reckless disregard for MORTLAND'S rights or with willful and wanton disregard for the rights of MORTLAND; therefore, MORTLAND is entitled to punitive damages and attorney's fees.

36. WHEREFORE, Plaintiff DEREK MORTLAND demands judgment against the Defendant and requests that the Court enter an Order:

   a. Awarding Plaintiff compensatory damages for the injuries he suffered due to Defendant's discriminatory practices and breaches of duty in an amount to be determined at trial;

   b. Awarding reasonable attorneys' fees, costs (including expert's fees) and other expenses of suit to MORTLAND; and

   c. Grant such further relief as this Court shall deem just and proper.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 15

/s/ *COLIN G. MEEKER*
COLIN G. MEEKER (Ohio Bar No. 0092980)
BLAISE R. MEEKER (Ohio Bar No. 0093050)
BLAKEMORE, MEEKER & BOWLER CO., L.P.A.
495 Portage Lakes Dr.
Akron, Ohio 44319
Telephone:	(330) 253-3337
Facsimile:	(330) 253-4131
cgm@bmblaw.com
blaise@bmblaw.com

Counsel for Plaintiff DEREK MORTLAND

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial for all claims for which a jury is permitted.

/s/ *COLIN G. MEEKER*
COLIN G. MEEKER (Ohio Bar No. 0092980)
BLAISE R. MEEKER (Ohio Bar No. 0093050)
BLAKEMORE, MEEKER & BOWLER CO., L.P.A.
495 Portage Lakes Dr.
Akron, Ohio 44319
Telephone:	(330) 253-3337
Facsimile:	(330) 253-4131
cgm@bmblaw.com
blaise@bmblaw.com

Counsel for Plaintiff DEREK MORTLAND

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 16