**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**DEREK MORTLAND,**

            **Plaintiff,**

    **v.**                          **Civil Action 2:19-cv-3361**
                                             **Judge Sarah D. Morrison**
                                             **Magistrate Judge Jolson**

**THE OHIO STATE UNIVERSITY,**

            **Defendant.**

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion for Leave to File First Amended Complaint. (Doc. 15). For the reasons that follow, the Motion is **DENIED**.

## I.    BACKGROUND

Plaintiff Derek Mortland brought this action on August 3, 2019, against Defendant The Ohio State University ("OSU") for allegedly violating Title II of the Americans with Disabilities Act, 42 U.S.C. §§ 1213, et seq. ("ADA") and §504 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 701, et seq. ("Rehabilitation Act"). (*See* Doc. 1). Broadly speaking, Plaintiff alleges that, upon "numerous visits" to OSU's Wexner Medical Center East Hospital (the "Wexner Center"), he "encountered numerous serious architectural barriers to access in violation of the ADA and Rehabilitation Act." (*Id.*, ¶ 8). For relief, Plaintiff seeks both damages and injunctive relief. (*See generally* Doc. 1).

Procedurally speaking, the Court issued a scheduling order on November 1, 2019, (Doc. 11), and the parties began discovery. Roughly four months later, in February 2020, the parties informed the Court of a discovery dispute. Plaintiff had requested to inspect "all public use areas" and "all mobility accessible patient rooms" at the Wexner Center. Defendant agreed to permit

Plaintiff to inspect the alleged barriers identified in the Complaint but nothing further.  The Court held a status conference on February 18, 2020.  During the conference, Defendant expressed concerns about the potential prejudice that would result from a full-scale inspection of all sixteen floors of the Wexner Center and would require temporarily moving patients out of their rooms.  The Court asked Plaintiff to identify other alleged barriers not identified in the Complaint.  But Plaintiff could not do so with particularity.  Instead, he asserted that, under the ADA, he has standing to inspect the entire facility.  The Court directed the parties to do more work extrajudicially—namely, to try to agree to an inspection that would balance Plaintiff's need to vigorously pursue his claims with Defendant's justifiable concerns regarding prejudice.

The parties were not able to reach an agreement, and an inspection has not yet taken place.  (*See generally* Doc. 15).  On March 21, 2020, Plaintiff move to amend to add additional alleged barriers to access at the Wexner Center.  (*Id*.).  The Motion is ripe for resolution.  (*See* Docs. 15, 16, 17).

## II.    STANDARD

Two potential rules govern motions to amend pleadings.  If a party moves to amend before the scheduling order's deadline for filing motions to amend pleadings, Rule 15(a) of the Federal Rules of Civil Procedure governs.  Under that Rule, leave to amend shall be "freely given when justice so requires."  Fed. R. Civ. P. 15(a).  Alternatively, if a party moves to amend after the deadline, like Plaintiff did here, the movant must first show "good cause" under Rule 16(b).  Only then will the Court "consider whether the amendment is proper under Rule 15(a)."  *Hill v. Banks*, 85 F. App'x 432, 433 (6th Cir. 2003).

To establish good cause under Rule 16, the movant must show that, despite missing the deadline, he was diligent in his efforts to amend timely.  *Cooke v. AT&T Corp.*, No. 2:05-CV-374,

2007 WL 188568, at *2 (S.D. Ohio Jan. 22, 2007). "An assertion of 'good cause' is likely meritorious when the moving party can show it 'has been generally diligent, the need for more time was neither foreseeable nor its fault, and refusing to grant the continuance would create a substantial risk of unfairness to that party.'" *Id.* (quoting 3 Moore's *Federal Practice*, ¶ 16.14[1][c] at 16–72.1). "Carelessness or oversight is ordinarily incompatible with a finding of diligence." *Cooke*, 2007 WL 188568, at *2 (citations omitted). And while "[p]rejudice to the party not seeking alteration to the scheduling order should be a factor, [] the main focus should remain on the moving party's exercise of diligence." *Id.* (citing *Andretti v. Borla Performance Indus., Inc.*, 426 F.3d 824, 830 (6th Cir. 2005)).

## III.    ANALYSIS

Because Plaintiff moved to amend roughly two-and-a-half months after the January 31, 2020, amendment deadline, (*see* Doc. 11), the Court must decide, as a threshold matter, whether Plaintiff has shown good cause for failing to move earlier. *Cooke*, 2007 WL 188568, at *2. Plaintiff's diligence is key. *Id.*; *see also E.E.O.C. v. U-Haul Int'l, Inc.*, 286 F.R.D. 322, 325 (W.D. Tenn. 2012) (noting that whether movant was "diligen[t] in attempting to meet the requirements of the scheduling order is the primary measure of Rule 16(b)'s 'good cause' standard").

Curiously, in moving to amend, Plaintiff acknowledges that he missed the deadline, yet still asserts that his Motion is timely because the parties have yet to complete discovery. (*See generally* Doc. 15). But that argument is more about prejudice under Rule 15(a) than whether, under Rule 16(b), Plaintiff adhered to the scheduling deadline. The only explanation he provides for needing to move now is that the parties' meet and confer "discussion . . . led to new facts of discrimination at the facility, which included Plaintiff encountering many barriers to access

3

throughout additional areas of the facility which were not identified in Plaintiff's original complaint." (*Id*. at 4–5).

To begin, Plaintiff's representation is perplexing. As Defendant notes, Plaintiff seeks to add to this lawsuit eleven additional dates on which he encountered alleged barriers at the Wexner Center. (*See generally* Doc. 15-1). But five dates fell before both the amendment deadline and the Court's discovery conference. (*See id*.). Accordingly, the Court is not convinced that the parties' meet and confer conversation led Plaintiff to discover additional barriers he purportedly encountered months beforehand.

Nor does Plaintiff's explanation satisfy the good cause standard. Indeed, he fails to articulate why, despite his best efforts, he could not seek leave to amend before the Court's deadline. *See U-Haul Int'l, Inc.*, 286 F.R.D. at 325. The same is true regarding his contention that "[a]t the time this action was filed in August 2019, Plaintiff's counsel did not understand the full scope of the lack of accessibility at Defendant's hospital." (Doc. 15 at 6). At base, Plaintiff seems to believe that his status as an ADA plaintiff somehow exempts him from Rule 16(b)'s good cause requirement. (*See, e.g.*, Doc. 17 at 2 ("The important thing here is that Plaintiff personally encountered every one of the barriers to access in his newly-proposed amended complaint" and that he "therefore has Article III standing to bring forth a lawsuit to remedy all of these newly discovered barriers, whether in this lawsuit or in an entirely new lawsuit.")).

Plaintiff is mistaken. For one thing, in making his standing argument, Plaintiff relies heavily on non-binding Ninth Circuit precedent. (*See generally* Doc. 15). And even putting that aside, those cases do not support Plaintiff's position. To be clear, they do not eviscerate court-imposed scheduling orders or Rule 16(b)'s good cause standard. Instead, those Ninth Circuit cases hold that an ADA plaintiff who establishes "standing as a result of at least one barrier at a place of

4

public accommodation, may, in one suit, permissibly challenge all barriers in that public accommodation that are related to his or her specific disability." *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1047 (9th Cir. 2008) (citation omitted). But the question now before the Court is not one of standing. And Ninth Circuit case law tells us not to extend its precedent to the circumstances here.

The Southern District of California's decision, *Oliver v. Ralphs Grocery Company*, later affirmed by the Ninth Circuit, is a useful example. *See* No. 07CV2301 JLS (POR), 2009 WL 10680615 (S.D. Cal. Feb. 18, 2009). There, the plaintiff moved to amend his complaint to add additional barriers to access at the defendant's property. *Id.* at *1. But the plaintiff missed the deadline to amend by two weeks. *Id.* The Court applied Rule 16 and found that the plaintiff failed to establish good cause for his delay. *Id.* Notably, the plaintiff made the same argument Plaintiff makes here—that he had standing to sue for injunctive relief for all barriers in the defendant's facility related to his disability. *Id.* The court rejected that argument, explaining that it "d[id] not comment on the FRCP 16 issue and thus, does not aid plaintiff here." *Id.*

The same is true here. Whether Plaintiff has standing to sue regarding all alleged barriers at the Wexner Center is not relevant to whether he has established good cause for failing to move earlier. *See id.*; *see also Morales v. Ralphs Grocery Co.*, No. 1:12-CV-00742-AWI, 2012 WL 6087699, at *7 (E.D. Cal. Dec. 6, 2012) ("[C]ourts that have disallowed amendments to complaints have done so not because [Ninth Circuit precedent] require that all barriers be identified in the initial complaint, but because the plaintiffs failed to timely seek amendment pursuant to the deadlines set forth in the scheduling order.") (citing *Strong v. Walgreen Co.*, No. 09cv611 WQH WVG, 2011 WL 1496720, at *4–5 ("[T]he proposed amended complaint adds nineteen alleged barriers which were not identified in the Complaint. Plaintiff failed to offer any reason for the delay in adding the nineteen barriers in Plaintiff's Motion to Amend.")). At bottom, Plaintiff has

failed to establish good cause under Rule 16(b) for moving months after the deadline.  His Motion fails as a result.

Finally, a word on prejudice.  Because Plaintiff has not satisfied his threshold burden of establishing good cause, the Court need not thoroughly analyze how amendment would affect Defendant.  But a brief mention is justified.  The Wexner Center is a vast hospital complex comprised of multiple buildings, one of which is a sixteen-floor medical tower.  (*See generally* Doc. 15-1).  Plaintiff's original Complaint identifies 73 alleged barriers.  (*See* Doc. 1).  His proposed amendment identifies 121 more.  (*See* Doc. 15-1).  The places Plaintiff seeks to inspect are located on every floor of the Wexner Center's sixteen-floor medical tower, as well as the emergency room.  (*See* Doc. 15-1).  Some are publicly accessible, like public restrooms; parking garages; and drinking fountains.  (*See generally id*.).  But many others are not.  Indeed, Plaintiff alleges that hundreds of patient rooms "were not able to be accessed."  (*See generally id*.).  So discovery would entail a vast inspection and likely require moving patients out of their rooms.  Given the threat to hospital patients and healthcare workers amidst the current national pandemic, allowing such an intrusive inspection would be highly prejudicial to Defendant, and Plaintiff has not shown good cause to justify such a request.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Leave to File First Amended Complaint (Doc. 15) is **DENIED**.


Date:  April 27, 2020                          /s/ Kimberly A. Jolson
                                               KIMBERLY A. JOLSON
                                               UNITED STATES MAGISTRATE JUDGE